IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LEON BUCKLEY | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv11 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leon Buckley, an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

To the extent petitioner's objections may be liberally interpreted as seeking equitable tolling, petitioner is not entitled to any such tolling. In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 130 S.Ct. at 2562. *Holland* defines "diligence"

for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*., 130 S.Ct. at 2565. The Fifth Circuit has explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, and noted that excusable neglect does not support equitable tolling." *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

Petitioner's federal petition was filed more than eight months after the limitations period expired. Petitioner has neither asserted nor demonstrated that he exercised due diligence in pursuing his rights. Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Unfamiliarity with the legal process does not excuse the failure to comply with a statute of limitations. *Turner,* 177 F.3d at 392; *see also Felder v. Johnson,* 204 F.3d 168, 170 (5th Cir. 2000) (proceeding *pro se* not sufficient to toll limitations). Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Petitioner has failed to demonstrate he was prevented in some extraordinary way from asserting his rights or that he pursued his habeas remedy with the diligence and alacrity required to permit equitable tolling.

Additionally, and in the alternative, the petition should be dismissed because petitioner failed to exhaust his state court remedies prior to filing this petition. A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the [s]tate; or

    (B)(i) there is an absence of available [s]tate corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement demands that an applicant fairly apprise the highest court of his state of the federal rights which were allegedly violated and to do so in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In order to exhaust properly, a petitioner must "fairly present" all of his claims to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004); *Picard v. Connor,* 404 U.S. 270 (1981).

Here, petitioner's grounds for review have not been fairly presented to the Texas Court of Criminal Appeals by raising them on direct appeal or through an application for writ of habeas corpus in the state court affording the court an opportunity to consider his claims. Petitioner did not file either a petition for discretionary review with the Texas Court of Criminal Appeals or a state application for writ of habeas corpus. Thus, the Texas Court of Criminal Appeals has not had the opportunity to consider petitioner's challenge to his conviction and sentence. Because the Texas Court of Criminal Appeals has not had the opportunity to consider his grounds for relief, the petition must be dismissed to allow petitioner to exhaust state habeas remedies.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must

demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **28** day of **March, 2022.**

_____
Thad Heartfield
United States District Judge